ANDREWS, *administrator*, *versus* ANDREWS.

An agreement by the principal, made after having paid his note, that it should rest, for his benefit, in the hands of a third person, in order that the principal might thereby coerce the surety to relinquish some right in another matter, was without consideration, and therefore void.

A promise made to the principal by the surety, after such payment of the note, that for the sake of having it canceled, he would relinquish his right in the other matter, and that the note might lie in the hands of such third person, for the benefit of the principal, until such relinquishment could be legally made, was without consideration, and could impart no validity to the note.

On REPORT from *Nisi Prius*, SHEPLEY, C. J.
The case was submitted without argument.

SHEPLEY, C. J. — This suit is upon a promissory note made on September 4, 1847, by Nathaniel Getchell as principal, and by the defendant as his surety, payable to Abiezer Andrews the testator. The following stipulation is found in the body of the note.

" And whereas the undersigned, Nathaniel Getchel, has given to said Abiezer four other notes, and this note is to be signed by Hiram Andrews as surety for said Getchell, it is hereby agreed by the parties, that the first money, paid by said Getchell, shall be allowed and indorsed on this note until it is paid, so as to relieve said Hiram of his liability."

At the same time, Getchell mortgaged a farm to the payee to secure the payment of all the five notes ; and also mortgaged the same farm to the defendant to secure a maintenance for life of Shuah Bicknell.

After the decease of the testator, all the notes became the property of his widow, who became the wife of Thomas Clark.

On March 13, 1849, the notes remaining unpaid, Getchell, by an agreement made with Clark and wife, conveyed by a deed containing covenants of warranty, the same farm to Mrs. Clark, in payment of the notes, which were to be delivered up.

Clark declined to deliver up this note, and assigned as reasons therefor, " that he wished to keep it for Getchell's benefit, and to compel the defendant to discharge the mortgage made by

Getchell to the defendant, to secure the maintenance of Mrs. Bicknell."

According to the agreement made by the principal with the holders of the notes, they were all paid by a conveyance of the farm. The note was no longer a valid contract, whether surrendered to the principal or retained by the holder.

With the consent of the principal maker, it was put into the hands of E. W. Clark, a son of Thomas Clark, to be retained by him until the defendant discharged the mortgage made by Getchell to him. In effect to be retained for the benefit of the principal, and enforced against the person, who had become his surety, unless he would yield some of his rights to the principal.

The case further states, that the defendant subsequently agreed that E. W. Clark should retain it, until he canceled the mortgage made by Getchell to him.

This can have no effect to enable the plaintiff to collect the note. If this agreement were valid it would not revive the note. But there does not appear to have been the least consideration to support it.

The defendant after having taken legal advice respecting the effect, which a discharge of the mortgage would have upon his rights, refused to discharge it.

It does not appear that he was under any legal or moral obligation to do so, when he made the promise.

*Plaintiff nonsuit.*

*Codman,* for plaintiff.